Nelson, Ch. J.
By the Court, There is nothing in the suggestion that the objection to the deposition was too general as it embraced matters admissible in evidence, and that, therefore, even if parts might be considered exceptionable, the admission was right. The counsel for the defendant in stating to the judge the reasons for the exclusion pointed specifically to the parts now urged as objectionable, and thus drew to them the attention of the adverse counsel and the court. There is no pretence that either could have been misled. The judge passed understandingly on the point. Besides, the competency of this species of testimony was expressly recognized in the charge, as the learned judge instructed the jury that the opinions of intelligent merchants, residing in the vicinity of the plaintiff and intimately acquainted with his business, being engaged themselves in the [ *432 ] same line, when sustained by satisfactory reasons, *were entitled to great weight in estimating the damages ; and to .this an exception was taken.
Were these opinions competent within the established rules of evidence ? The general rule is admitted that witnesses must speak as to facts, and facts too within their own knowledge. Opinions, belief, deductions from facts and such like, are matters which belong to the jury, and by which they arrive at their verdict; when the examination extends to these and the judgment, *432 belief and inferences of a witness are inquired into as matters proper fof the consideration of a jury, their province is in a measure usurped : the judgment of witnesses is substituted for that of the jury. To this settled principle, which is and should be steadily and rigidly adhered to, exceptions have been made, and the material question before us is, whether the opinions admitted in this case fall within any of them. The exception in general terms, and to which most of the cases may be referred, is usually stated as follows : that on questions of skill and judgment, men of science and experience are allowed to give their opinions in evidence. These are admitted, for the reason that the witnesses are supposed to possess a peculiar knowledge and understanding of the subjects in controversy, beyond ordinary men, of which the jury are composed: subjects with which they have become familiar by study, or from observation and experience in the course of their particular occupations.
Folks v. Chadd, 3 Doug. 157, is a leading case upon this subject. That was an action of trespass for cutting away a bank that had been erected to prevent the sea overflowing certain meadows. The defence was, that it contributed to fill up and choke Wells' harbor. , Experienced engineers were called to prove that, in their judgment, the bank was not the cause of the mischief, and that the cutting it away would not remove it. The evidence was objected to as being matter of opinion, that could not be the foundation for the verdict of a jury, which should be built upon facts. The court thought otherwise; and Lord Mansfield, in pronouncing judgment, said, that the opinion was deduced from facts which were not disputed. The situation of banks, the *course of tides, and of winds, and the [ *433 ] shifting of sands ; that the opinion deduced from all these facts was, that, mathematically speaking, the bank may contribute to the mischief, but not sensibly; the witnesses understood the construction of harbors, the causes of their destruction, and how remedied. He instanced actions for unskilfully navigating ships, where the question depended upon the judgment of those who understood such matters.
Upon the same ground, ship-builders are examined as to the seaworthiness of ships in actions on policies of insurance, even in cases where they were not present at the survey, Peake's N. P. C. 25, and medical men as to the cause of disease, or death, in order to connect them with particular acts; also as to the sane or insane state of the mind; and this, although the professional witnesses found their opinions entirely upon the facts, circumstances and symptoms as proved by others. Russ. & Ry. C. C. L. 456. So persons engaged in particular departments of trade may be called to express their opinion upon subjects connected with it, on which their experience and observation enable them to speak with more understanding than others. In Chapman v. Walton, 10 Bing. 56, an action against a broker for negligence in effecting policies of insurance, other brokers were called and examined as ex *433 perts, the question involved being one of skill in that branch of business. 2 Starkie’s R. 258. 10 Barn. & Cress. 527. Peake's N. P. C. 43. Upon the like ground, it is every day’s practice to take the opinion of witnesses as to the value of property — persons who are supposed to be conversant with the particular article in question, and of its value in the market: as a farmer, or dealer in, or person conversant with the' article, as to the value of lands, cattle, horses, produce, &c. These cases all stand upon the general ground of peculiar skill and judgment in the matters about which opinions are sought. See 17 Wendell, 136.
Now recurring to the case under consideration and testing it by the foregoing principles, it appears to me .impossible to maintain that it falls within this exception to the general rule, or within any of the cases that [* 434 ] have arisen and *may be regarded as illustrations of it. Where men of science or skill have been allowed to express their opinion, upon a given or admitted state of facts, if of equal standing and intelligence, there may be expected something like a general concurrence. I do not mean that the results would always follow with mathematical certainty; but deductions from the facts by the application of their superior skill and knowledge in the matter is supposed, by law, to lead to a degree of certainty that may be safely relied on — otherwise the rule would be worthless. In the case before us no such accuracy is attainable, or can be predicated from the facts on which the opinions are expressed. There may be a tolerable conjecture of the amount of damage, and merchants in the same line of business with the plaintiff, and residing in his vicinity, might carry it nearer to the truth than others; but their opinions can rise no higher than mere conjecture. In the nature of the case, no set or series of facts exist, to which the application of their peculiar knowledge would naturally lead to any thing like mathematical certainty. What do they state as the foundation of their opinions ? The amount of business; the ability and attention of the plaintiff; the business season ; the comparative inexperience of the partners ; the money pressure in the market, and the like. All this may be very proper for the consideration of the jury, and entitled to such weight in connection with all the other circumstances of the case in their estimate of the loss and damage, as they may think it deserves; but surely no mercantile knowledge applied to them can lead to any accurate or safe result as matter of opinion for their guide. Assume the whole to be true, and loss does not follow with any thing like the exactness that exists in matters of science and skill — more especially to any given amount. Even with the jury, the damage beyond the actual expenses out, can at best rise but little above conjecture : it is so in every case where they are called upon to estimate the loss of the plaintiff’s time. How serviceable it might have been to him, depends upon a calculation of the changes and vicissitudes of life, the casualties and fluctuations of business, utterly beyond the reach of human foresight. The most they *435 can do *is to bring to the discharge of their duties a careful [ *435 ] and diligent consideration of the particular case, a knowledge and experience of the general condition and business affairs of mankind, to which all are more or less subject, a sound and enlightened judgment, and honest desire to arrive at truth and justice between the parties. No more can be expected ; no less justified. The result will usually be an approximation to reasonable indemnity, as near as the imperfection of human tribunals will admit.
I am also of opinion that some of the questions put in respect to the effect of the injury to the limb were pushed into consequences and conjectures too remote for the subject of judicial investigation. The present and probable future condition of it were proper matters for inquiry ; but the consequence of a hypothetical second fracture were obviously beyond the range of it, and calculated to draw the minds of the jury into fanciful conjectures.
The charge as to expenses beyond taxable costs and counsel fees in conducting the suit, as a particular item of damages to be taken into the account, I am also inclined to think was erroneous. These have been fixed by law, which is as applicable to cases sounding in damages as in debt. The point has been expressly adjudged in Massachusetts, 21 Pick. 382, and we think founded on principle.
Upon the above grounds we are of opinion a new trial should be granted, costs to abide the event.