## STARBIRD v. BARRONS, appellant.

*Damages — under contract of indemnity — severing causes of damage — approximate compensation.*

Defendants engaged plaintiff's canal boat to take a load of potatoes to New York. By reason of defendants' delay the boat only reached Schenectady before winter set in. To protect the cargo from the cold defendants placed a quantity of manure over the boat. This plaintiff objected to, but consented upon defendants' agreement to indemnify him for any damage done to the boat. *Held*, that if the contract indemnified plaintiff from all damage at

Schenectady, damage resulting from the use of the boat as a storehouse and from a strain by reason of lying on the uneven bottom of the canal might be recovered, but if only the damage resulting from the use of the manure was intended, the fact that it might be impossible to define the exact limits of each source of damage would not prevent the jury, under the rules laid down by the court, from giving an approximate compensation upon such evidence as the nature of the injury and the subject involved permitted.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury and from an order denying a new trial.

The action was brought in Monroe county by Charles Starbird against Samuel Barrons and others.

Plaintiff contracted with defendants to carry a canal boat load of potatoes from Rochester to New York. Such load was to be put on board within three days from the making of the contract. By reason of defendants' failure to do so the boat was so delayed that it was stopped by the ice at Schenectady, and by reason thereof, and of the means employed to secure the cargo, was damaged. By the original contract the defendants were entitled to the use of the boat in New York through the winter for the storage of the potatoes. When the boat was stopped by ice at Schenectady a further agreement was made by which the defendants had leave to protect the cargo by covering and inclosing the boat with manure and straw. This was at first objected to by plaintiff through fear of its injurious effect upon the boat, but he finally consented upon the defendants agreeing to indemnify him for any damage done to the boat. The cargo was then protected by a covering of manure. During the winter the water was drawn off or leaked from the canal so that the boat settled upon an uneven bottom and was injured thereby. The boat was also injured by the heating of the potatoes and by the action of the manure so as to deaden the timber and rot its substance. For the injuries so done and damages by delay, etc., this action was brought. The appeal was first heard in the fourth department, but by reason of a disagreement was sent to the third department.

*George F. Danforth,* for appellants.

*H. R. Selden,* for respondent.

BOARDMAN, J.

The following portion of the opinion is believed to be all that is important for publication :

"But if the element of damage arising from the use of the boat as a storehouse is withdrawn by reason of not being within the contract of indemnity, or by reason of the judge having so held, the defendants then contend that there was no method by which the jury could separate the two sources of damage, and that the court erred in not so charging the jury.

"The authorities cited by appellant do not sustain this extreme position. *Marble* v. *City of Worcester*, 4 Gray, 395, is not applicable. That was an action against the city for damages caused by a defective highway. A person passing over the defective road was thrown from his carriage, his horse ran away, and at a distance of fifty rods from the defect ran against and injured the plaintiff. The court *held* that a recovery could not be sustained because the defect was not the proximate cause of the injury. And this illustrates a class of cases holding the same general doctrine, viz. : Where two causes occur and produce *one and the same injury*, and different persons are responsible for the respective causes, that person is only liable who is responsible for the proximate cause. Such cases frequently occur in marine insurance where the policy indemnifies only against a specific risk and where other causes concur in the ultimate loss.

"In this case the damages arising from the use of the manure are separate and distinct from such as are caused solely by the potatoes. It may be and in fact is impossible to define exactly the limits of each source of damage. Such is very often the case in breaches of contract and almost always in torts. Yet the lack of certainty has never been recognized as a reason why a jury, guided by the rules laid down by the court, should not give an approximate compensation founded upon such evidence as the nature of the injury and the subject involved permits. The honesty, the discretion and the judgment of the jury must be the reliance of the parties. Errors will occur. But it is better to suffer by such mistakes occasionally than that acknowledged wrong should be remediless. Mr. Justice STORY says: 'Absolute certainty in cases of this sort is unattainable. All that we can arrive at is an approximation thereto.' *Rogers* v. *Mech. Insurance Co.*, 1 Story's C. C. 603. To the same effect, NELSON, C. J., in *Lincoln* v. *S. & S. R. R. Co.*, 23 Wend. 433: 'Loss does not follow with any thing like the exactness that exists in matters of science and skill, more especially to any given amount. Even with the jury the damage can at best rise but little above conjecture. * * * The result will usually be an approximation to reasonable indemnity, as near as the imperfections of.

human tribunals will admit.' So the plaintiff in this action was entitled to recover the proximate damages caused by the breach of contract made at Schenectady in December, 1858. It was for the jury to determine what that contract was, and in what respect it was broken. Then the amount of damages for such breach must be determined by the jury under the instructions of the court upon the evidence produced. The separation of that which is legal from that which is illegal must be made. Judgment and discretion must be exercised that truth and justice may prevail between the parties. So far as can be seen this has been done."

*Judgment affirmed.*