## OSBORN R. KEITH ET AL.
### v.
## JULIA M. BLISS.

1. EVIDENCE—OPINIONS OF WITNESS.—Witnesses must testify to facts within their own knowledge, leaving it to the jury to draw inferences and conclusions from the facts proved. So, it is error to allow a witness, testifying in her own behalf, to give her opinion as to the amount of profits she would have made if the defendants had fulfilled their contract in respect to furnishing her with materials to be manufactured as agreed.

2. BAILMENT FOR HIRE—CARE REQUIRED.—A contract to manufacture certain goods from materials to be furnished, is a bailment, and the bailee is bound to apply a degree of skill equal to the undertaking. He is bound to perform it in a workmanlike manner, and a substantial failure in this respect will constitute a breach of his undertaking.

APPEAL from the Superior Court of Cook county; the Hon.
R. S. WILLIAMSON, Judge, presiding.   Opinion filed January
19, 1882.

This action was brought in the court below, by Julia M.
Bliss, against Osborn R. Keith and others, comprising the
firm of Keith Brothers, to recover damages arising from an
alleged loss of profits sustained by the plaintiff by reason of
the defendant's failing and refusing to furnish plaintiff the full
quantity of work and materials required to be furnished by the
defendants under the following contract:

"This agreement, made and entered into this 17th day of
September, A. D. 1878, by and between Keith Brothers, of the
city of Chicago, county of Cook and State of Illinois, party
of the first part, and Julia M. Bliss, of the same place, party of
the second part, witnesseth, that the said party of the first part
hereby agrees to employ the said party of the second part to
manufacture overalls, shirts, pants and such articles of similar
character used and sold by them, and to this end the party of the
first part agrees to furnish the stock and trimmings used in the
manufacture of said garments, and to pay the party of the sec-
ond part for each and every dozen made, the ruling market
price, as may be agreed upon between said parties, prior to the
work being issued.

"The said party of the first part agrees to give the preference
of all their work of above descriptions to the said party of the
second part, so long as she does it in a prompt and satisfactory
manner, and also agree to furnish herewith material for at least
one hundred dozen garments per week, and as many more as
their business requires; and the party of the second part, in
consideration thereof, hereby agrees to manufacture, in a man-
ner satisfactory to the party of the first part, not less than one
hundred dozen garments heretofore described, per week, and
over and above that quantity to the extent of her ability and
their requirements, always giving Keith Brothers' work the
preference; and the party of the second part further agrees th t
at least five ($5) per week shall be retained out of her pay by
said party of the first part, until her indebtedness to Keith

Brothers for money advanced for shafting, etc., is liquidated. This agreement to be in full force and effect up to January 1st, A. D. 1879.

> "KEITH BROTHERS,  [SEAL.]
> "J. M. BLISS,      [SEAL.]"

On the trial, under the general issue, the plaintiff gave evidence tending to show that she had the facilities for doing, and that she was ready and willing to do much more work than defendants furnished her; and that they had much more which they might have furnished her, but which they refused to bring to her.

The plaintiff being a witness in her own behalf, and after stating the prices per dozen agreed upon between her and the defendants for the different grades of work which she had done for them, and that she knew what profits she could make on each dozen respectively, was asked by her counsel to state what that profit is, mentioning each grade as she went along. To this the counsel for defendants objected, on the ground that it was incompetent to prove the profits which she would have made by the opinion of witnesses; that she should be confined to facts within the knowledge of the witness, leaving the question of profits to be passed upon by the jury. The court overruled the objection, and counsel for defendants excepted. The witness answered by stating what profits she would have made on the article of overalls of different grades, but stated that there were other garments cut besides overalls that she had mentioned, coats and vests, mackinaw work—sort of wood chopper's jackets. Her counsel then asked her this question: "What would have been your profit per dozen, if you had manufactured them along with the different kind of goods?" To this question the defendant's counsel objected on the same grounds as above; but the court overruled the objection, and exception was taken. Witness answered. "I was prepared to do this work, and had experienced hands. My profits on cheviot shirts would have been 20 cents per dozen; on one kind of flannel shirts, 25 cents."

Testimony was given by this witness, showing that she employed a large number of female hands; that she ran fifty sew-

ing-machines which were run by steam; but aside from this, there was no evidence of any facts, from which the jury could determine the question of profits.

The defendants gave testimony tending to show that a substantial portion of the work which the plaintiff had done for them was done in a bad and unworkmanlike manner, and that plaintiff was unable to manufacture for them, in a proper manner, the goods requisite to fill the orders upon them. In rebuttal of the evidence, that plaintiff's work was done in a bad and unworkmanlike manner, she gave evidence tending to show that it was the unavoidable result of the defective cutting and preparing the materials by the defendants.

It was admitted by plaintiff that she had been paid for all the work which she had done for defendants.

At the request of the plaintiff, the court gave the following instructions to the jury:

1. "For the plaintiff the court instructs the jury that if they believe from the evidence, that the plaintiff manufactured the material delivered to her by the defendants under the contract in evidence, in a manner which would have been satisfactory to a reasonable man, under like circumstances as the defendants then were, then the jury are instructed, that as a matter of law, the defendants were bound to be satisfied with the manner in which the plaintiff manufactured such materials.

2. "For the plaintiff, the court instructs the jury that it was the duty of the defendants to deliver the material to be manufactured under the contract in evidence, to the plaintiff in a condition suitable for being manufactured into the articles for which it was intended it should be; and in determining whether the plaintiff manufactured such material in accordance with the terms of the contract in evidence, the jury may take into consideration the condition of such material when delivered to the plaintiff, so far as the same is shown by the evidence."

And the defendants then and there excepted to the giving of each of said instructions for the plaintiff.

The defendant's counsel asked the court to give the jury the following instructions :

" If the jury believe from the evidence that the defendants failed to furnish more work to be done under the contract than they did furnish, because the plaintiff had a part of the work furnished done by inexperienced employes or workwomen in an imperfect and defective manner, if it so appears from the evidence, so that the defendants, acting in good faith, were dissatisfied therewith, such failure to furnish more work was justifiable on the part of the defendants, and the plaintiff has no right to recover damages therefor."

The court refused to give the instruction as asked, but added the following modification and gave it : " That a failure to manufacture properly a few articles would not entitle the defendants to abandon the contract, but if there was a substantial failure to do the work properly, generally, they might do so."

To such refusal and modification the defendants duly excepted. The jury found for the plaintiff, and assessed her damages at $636, and the court, overruling defendant's motion for a new trial, gave judgment on the verdict, and defendants appeal to this court.

Messrs. EDSALL & HAWLEY, for appellants; that the opinions of witnesses are not admissible as evidence, cited Chicago v. McGiven, 78 Ill. 347; Clark v. Fisher, 1 Paige, 174; Mayor, etc. v. Pentz, 24 Wend. 668; Linn v. Sigsbee, 67 Ill. 75; 1 Phillips on Ev. 660.

Mr. EDWIN F. ABBOTT, for appellee; that opinions of witnesses as to values, is admissible, cited 1 Wharton on Ev. § 510; Tyne v. Field, 3 Hun, 75; Seyforth v. St. L. & I. M. R. R. Co. 52 Mo. 449.

McALLISTER, J.    In order to show loss suffered by the plaintiff below by reason of the alleged failure by defendants to furnish the quantity of materials to be manufactured by her into clothing for defendants, as required by their contract, the plaintiff, as a witness in her own behalf, was permitted by the court, against the objection of the defendant, to give her opinion as to the amount of profits she would have made, if the

defendants had fulfilled their contract in respect to furnishing the materials to be manufactured by her into clothing for them. The defendants below, appellants here, assign that ruling for error. Was the opinion of the plaintiff, without any statement of facts, competent as evidence of her loss or damages? We think not. The general rule which pervades all our law, as respects evidence, is that the witness must testify to facts within his personal knowledge. A witness is not to testify to understandings, deductions, inferences or conclusions. It is the province of the jury to make deductions, draw inferences and conclusions from facts presented to them through the mediumship of witnesses. It is the opinion of the jury, based upon facts properly before them, which must form the verdict and decide the case. Sedg. on Dam. (6th Ed.) 748 *et seq.* The general rule, with its principal exceptions, is recognized in Linn v. Sigsbee, 67 Ill. 75, and City of Chicago v. McGiven, 78 Id. 347.

We apprehend that the circumstance that it was the plaintiff, and she the proprietress of the manufactory, instead of some other person, who was permitted to show her loss by her mere opinion only, can make no difference in the application of the rule. No matter how well informed the witness may be, or how intellectually competent he may be to draw inferences from facts, yet, in a matter of this kind, the law confines the witness to the province of stating facts only, and confides to the jury the power and duty of drawing conclusions and forming opinions to be expressed in their verdict. The only legitimate way, therefore, for the plaintiff to prove her loss by showing what profits she might have made, was to give in evidence all the material facts bearing upon the question, and submit them to the jury for their determination as best they might. Masterton v. The Mayor of Brooklyn, 7 Hill, 62; Lincoln v. The Saratoga & Schenectady R. R. 23 Wend. 425; Linn v. Sigsbee, *supra*; Giles v. O'Toole, 4 Barbour, 261; Cook v. Brockway, 21 Id. 331.

The first instruction given for plaintiff is, in substance, that if the plaintiff manufactured the material delivered to her by the defendants under the contract in evidence, in a manner

which would have been satisfactory to a reasonable man, under like circumstances as the defendants then were, the defendants as a matter of law, were bound to be satisfied with the manner in which the plaintiff manufactured such materials.

It was a material question on the trial, whether the plaintiff had not committed such a breach of the contract as justified the defendants to abandon it. In that view, it seems to us, the instruction does not declare the proper test. The contract was clearly one of bailment. The plaintiff, as workwoman for hire, was bound to apply a degree of skill equal to her undertaking. "Every mechanic who takes any materials to work up for another in the course of his trade, as where a tailor receives cloth to be made up into a coat, or a jeweler a gem to be set or engraved, is bound to perform it in a workmanlike manner." 2 Kent's Com. *588. "Where skill as well as care is required in performing the undertaking, there, if the party purports to have skill in the business, and he undertakes for hire, he is bound, not only to use ordinary care and diligence in securing and preserving the thing, but also to the exercise of due and ordinary skill in the employment of his art or business about it; or, in other words, he undertakes to perform it in a workmanlike manner. In cases of this sort he must be understood to have engaged to use a degree of diligence and attention and skill, adequate to the due performance of his undertaking." Story on Bailments (8th Ed.) § 431, and cases in notes.

It follows, therefore, that a substantial failure on the part of the workman, in any of these particulars, will constitute a breach of his undertaking. It is true, that by the contract in this case, the defendants agreed to give the plaintiff a preference of all their work of the descriptions therein mentioned, so long as she did it in a prompt and satisfactory manner; and she agreed to manufacture the materials in a manner satisfactory to the defendants. If she were suing to recover the price of work done by her, it would be a sufficient performance of the condition precedent, to aver and prove that she had done the work with reasonable promptness and in a workmanlike manner. Butler v. Tucker, 24 Wend. 447.

Ætna Life Ins. Co. v. Paul.

But if she were in any substantial degree wanting in the requisite skill, or if having it, she failed to exercise it, or failed in respect to the proper degree of diligence and attention required for the work so that, as a consequence, she returned to the defendants a substantial portion of said work done in a defective and unworkmanlike manner, we are of opinion that the defendants would be justified in repudiating the contract, and refusing to furnish her any more materials thereunder. It follows, from this view, that the modification by the court of the instruction asked by the defendant was erroneous. For the errors indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.