Opinion by
White, P. J.
§ 303. Answer; may embrace several defenses, though inconsistent with each other. Suit by appellee against appellant to recover $500 actual damages for the alleged wrongful and forcible ejection of plaintiff from defendant’s train, by its conductor. Defendant answered by demurrers, general denial and special pleas. Plaintiff’s amended original petition cured the defects reached by defendant’s demurrers. Defendant’s spécial pleas were, in substance: 1. That if the conductor in charge of its train did the matters and things complained of in the petition, he acted without the authority or consent of defendant, and beyond the scope of his authority as agent of defendant. 2. That if plaintiff whs ejected from defendant’s train and injured, defendant was justified for the act of its agent in- so ejecting him, because of the outrageous conduct or the plaintiff while on the train, and his refusal to get off the cars at the station to which he was going, and remaining upon the platform of the train, cursing and abusing the conductor and preventing him from pursuing his journey with his train. Plaintiff’s general demurrer to these special pleas was sustained, and the same were stricken out. We infer that this action of the court was based upon the view that the answer was inconsistent in its allegations, and therefore could not be permitted to stand as a valid pleading. That this was the view entertained by the court, we *263 gather from the briefs of' counsel, and in support of this view we are cited to the case of Hillebrant v. Booth, 7 Tex. 499. We misconceive entirely the tenor of that decision, if it is authority in the premises; on the contrary, it distinctly announces the doctrine that the answer may embrace inconsistent defenses. It is true that each separate defense, or “plea in confession and avoidance, must constitute in itself a good defense to the action, and of consequence be consistent in its averments; ” and, also, that “ if the averments in any one of the pleas be inconsistent, and thus contradict and falsify themselves, they cannot be susceptible of proof, and of consequence must be invalid.” But this rule is not applicable to separate pleas, presenting distinct defenses, considered with reference to each other. These may be inconsistent with each other and not invalidate, or affect, the validity of the answer. The principle cannot be better exemplified than in this case. Two pleas are interposed by defendant. First, that it is not bound, because the conductor at the time was acting beyond the scope of his authority as its agent. This is a good plea and is not inconsistent in its averments. Second, that defendant was justified for the acts of the conductor, by the conduct of the plaintiff. This is also a good plea, and consistent with itself, though it may be inconsistent with the first. “The defendant, in his answer, may plead as many several matters, whether of law or fact, as he shall think necessary for his defense, and which may be pertinent to the cause.” ' [R. S. art. 1262.] It was error to sustain the demurrer to defendant’s said pleas.
§ 30*. Error of court in sustaining a demurrer is not ctired by evidence, when. But it is insisted by appellee that though the court may have erred in striking out these special defenses, yet appellant should not be heard to complain, because, under the general denial, the same evidence was admissible which could have been introduced under these defenses, and that it was in fact admitted, without objection, on the trial. It is unnecessary to de *264 termine how far, as a general rule, this proposition would be correct. In this particular case, however, we do not think it would hold good. The case was tried by the judge without the intervention of a jury. In passing upon the general demurrer he had already held that these pleas were insufficient; that they presented no valid defenses to the action; and that, being inconsistent, they were not maintainable for any purpose. Such being the case, it appears to us that he stood in the position of having prejudged the effect of the'evidence before its introduction, and that, though introduced properly, perhaps, under the general issue, it could scarcely have affected his opinion upon its merits,— an opinion already formed, fixed and judicially expressed by his rulings. In a word, it is impossible to tell how far the determination and ruling of the judge upon the sufficiency of the special pleas may have influenced and involved his judgment upon the facts stated in those pleas.
§ 305. Carrier of passenger; duty and liability of; assaults, etc., by servant of. It is settled law that, “unwarrantable assaults upon passengers by the carrier’s servants are breaches of the contract of carriage, 'and, as such, impose liability upon the carrier.' The principles of law applicable to the relation of master and servant do not fully define the rights, duties and obligations between, carriers and their passengers. They are not merely citizens, bearing only towards each other the relation which one citizen bears to another. The carrier agrees to carry for hire the passenger from one place to another, and is responsible for any breach of the obligation thus assumed in ill-usage of the passenger by himself or employee. Passengers do not only contract for room and transportation, but for good treatment, and it is the duty of ■ the owner to use due care and exertion to protect them from any degree of violence, abuse or ill-treatment from other passenger’s, or the carrier’s servants, or other persons coming on board during the trip. The principal, in this class of cases, is liable for the mis *265 conduct of the employee when it occasions injury to the passenger, whether arising from malice or neglect.” [Pendleton v. Kinsley, 3 Clifford, 416; Thompson’s Carriers of Passengers, p. 352 and notes, and pp. 363 et seq.]
October 27, 1883.
§ 306. Measure of damage against carrier for injury done to passenger. When a carrier becomes liable in damage for a wrong or injury done to a passenger, the same rules as to the measure' of damages apply to corporations as to individuals. “In estimating compensatory damages in this class of actions, the jury may take into consideration, as elements, loss of time, inability to attend to business, pecuniary expenses, bodily pain, any incurable ■ hurt (as where mental faculties are impaired), personal inconvenience, and mental anguish caused by bodily pain.” [Thompson on Carriers of Passengers, pp. 570, 571.]
§ 307. Character of the passenger is not an element of damage. “But it is said that the character of the passenger cannot be considered as an element in estimating the amount of damages.” [Thompson on Carriers of Passengers, 572, citing Lincoln v. R. R. Co. 23 Wend. 425; R. R. Co. v. Albritton, 38 Miss. 242; The Oriflame, 3 Sawyer, 397.] In the case before us, the only measure of actual damages shown with any certainty was by the testimony of the plaintiff himself, that he was so injured that he was laid up, unable to work, for two weeks, and that his services were worth during that time $3 per day. As claimed in the petition, the damages were laid at $500, and the court gave judgment for the full amount claimed. In his findings, or rather in his conclusions of the law upon the facts^found, the county judge took into consideration, as an element of the damages, injury to the plaintiff’s character for the indignity placed upon him. This was error.
Reversed and remanded.