JOSIAH DRAKE and A. S. BURLINGAME, Appellants, v. JOSEPH PALMER, CHARLES COOK, and EDWARD JONES, Respondents.

The power to grant new trials is one of legal discretion; and the abuse of it only will justify the appellate court in interfering with such order.

APPEAL from the Superior Court of San Francisco.

The appellants filed their complaint against the respondents, stating that on the 8th of May, 1851, the defendants, with force and arms, entered certain premises in San Francisco, then lawfully occupied by the plaintiffs, and forcibly and unlawfully evicted the plaintiffs therefrom, and removed building materials, lumber, &c., which the plaintiffs had thereon; and caused a building which the plaintiffs had commenced erecting to be torn down, &c.; and that the defendants still retained, and refused to allow the plaintiffs to enter or occupy the premises; whereby the plaintiffs had sustained damage in their business, and in money paid for said building materials, &c., to the amount of $20,000; for which the plaintiffs claimed judgment, with costs.

The defendants answered, 1st, denying generally the allegations in the complaint. 2d. That on and long before the first of May, 1851, the defendants were seised and possessed of the premises mentioned in the complaint, and had erected on a portion thereof, (describing it,) a certain building; that on the said first day of May, the defendants demised said building and the portion of the premises covered thereby to the plaintiffs, for the term of one month then next ensuing, for a certain rent therefor paid by the plaintiffs; by virtue whereof the plaintiffs entered upon said building and portion of the premises, and continued in possession thereof until the fourth day of May, 1851, when the said building was destroyed by fire; and thereupon the defendants offered the plaintiffs to determine said demise, and repay said rent, or to renew said lease upon reasonable terms; which the plaintiffs refused, and wrongfully entered upon other portions of said premises, not included in said demise, and commenced cer-

12

tain erections thereon; and because the plaintiffs were, at the said time when, &c., unlawfully trespassing as aforesaid on said other portions of said premises, the defendants did, at the said time when, &c., remove said erections so wrongfully being made thereon by the plaintiffs, and evict the plaintiffs therefrom, doing no more damage in that behalf than was necessary for the purpose aforesaid; and so, if the plaintiffs had sustained any damages in the premises, the same were caused by their own wrong, &c.; and traversing that the defendants were guilty of any other of the supposed trespasses mentioned in the complaint than those justified in that plea.    3d. That after the demised building was burned as stated in the second plea, the plaintiffs, on the day of the alleged trespass, were wrongfully and unlawfully putting a new erection on the premises; whereupon the defendants entered, and removed such new erection, doing no unnecessary damage, &c.; and traversing that the defendants were guilty of any other of the alleged trespasses.

The cause was tried by a jury.    The plaintiffs read in evidence a written admission made by the defendants' attorney, that the plaintiffs rented the premises described in the complaint from the defendants, at the rate of $500 per month, payable in advance, and had paid such rent for the month of May, 1851; that the building was burned by fire on the fourth of May; that on the day of the trespass, the plaintiffs had commenced erecting a building on the premises; when the defendants entered, and with force, and against the will of the plaintiffs, removed the building so being erected and the building materials, and told the plaintiffs they would pull down any building they might put thereon; that the defendants had, on the seventh of May, rented the premises to one White; and since removing the building, &c., had put said White in possession, and he had commenced and completed a new building on the premises; and the defendants refused to allow the plaintiffs to re-enter and occupy.

Several witnesses were examined on both sides.    It appeared, from the evidence, that the plaintiffs were liquor dealers, and were erecting a small building, or shed, on the premises, for the purpose of storing and selling liquors, the price of which advanced immediately after the fire; that the ground rent of the premises

was worth $50 per month; that the value of the building and
materials removed by the defendants, was about $150; that the
defendants, entertaining a suspicion that the plaintiffs intended
to "squat" on the premises, objected to their putting a new
building thereon, unless the plaintiffs would take a new lease;
that the plaintiffs refused to take a new lease, but insisted on
putting up the building; whereupon the defendants tore down
the building being erected, and threw it and the materials off of
the premises into the street, and spoiled the lumber. The evi-
dence was conflicting, as to whether the defendants had offered
to return the rent paid in advance by the plaintiffs. One of the
defendants manifested considerable excitement and anger during
the transaction, apparently from an apprehension that the plain-
tiffs designed to squat on the premises, and dispute the title of
the defendants. During the trial, one of the jurors interrupted
the defendants' counsel while cross-examining a witness, and
"with much warmth and manifest prejudice against the defend-
ants, desired to know whether the Court would not put a stop to
that course of examination?" At the request of the plaintiffs,
the Court instructed the jury, that "If the plaintiffs had paid
their rents to the defendants for the month of May, and were
peaceably in possession, and the defendants evicted them without
their consent and by force, the jury may give such damages as,
under all the circumstances, they think proper, and are not con-
fined to the actual pecuniary loss of the plaintiffs." At the re-
quest of the defendants, the Court instructed the jury, That if
the defendants were guilty of the trespass, but were not actuated
by malice, or a deliberate intention to vex, wrong, or insult the
plaintiffs, they must find compensatory, and not exemplary dam-
ages: and the measure of such damages would be the damages
for the unexpired term of the lease, and for injury to the build-
ing materials; and the jury could not allow for the loss of gains
which the plaintiffs might have made in the course of their busi-
ness; but should assess the damage at the actual pecuniary loss
directly sustained. The jury rendered the following verdict:
"We agree that the plaintiffs were evicted from the peaceable
possession of their lot on the 8th of May, without their consent,
by force. We assess as follows:

| | |
|---|---|
| For balance of rent pre-paid, | $371.00 |
| For loss on building destroyed, | 150.00 |
| For exemplary damages by ejectment, | 4041.66 |

$4562.66 and costs."

The defendants moved for a new trial, on the grounds, 1st. That the instruction given at the plaintiff's request, was erroneous. 2nd. That the verdict was contrary to law and evidence. 3d. That the damages were excessive. The motion was filed with the clerk, and notice served on the plaintiffs' attorney. At the hearing of the motion the plaintiffs made a preliminary objection, that the motion was not "entered on the records of the Court." The Court granted a new trial, on payment of costs: and in giving the decision, the judge remarked, that in addition to the causes assigned, he thought a new trial should be granted for the prejudice manifested by one of the jurors during the trial. The plaintiffs appealed.

*Wood* and *Cook,* for the appellants. 1st. This Court will not disturb a verdict of a jury, on the ground that the damages are excessive. Graham on New Trials, 431; Hoppe *v.* Robb, and George *v.* Law, in this Court; Smith *v.* Martin, 15 Wend. 270; 2 Bing. N. C. 166. 2nd. The conduct of the juryman was not such as would warrant the Court to grant a new trial: and the *prayer* for a *new trial,* did not state that as a ground upon which they claimed it. Old Pract. Act, sec. 253; 2 South. N. J. 518. 3d. The prayer for a new trial was not entered upon the records, as required by sec. 253, of said act.

*R. A. Lockwood,* for the respondents. 1st. The granting of new trials rests in the sound discretion of the Court of original jurisdiction; and in some of the States, cannot be assigned for error; in others, though a refusal to grant a new trial may be assigned for error, the granting of a new trial, cannot. 2nd. This Court is not asked to disturb the verdict of a jury; but the appellants seek to disturb the decision of the Court below, upon a question resting in its discretion. This Court is not so competent as the Court below were, to determine whether a new trial

was proper, under all the circumstances. This Court did not hear the witnesses, nor see the conduct of the jurors; and the *manner* of a witness, &c., cannot be put upon paper, and yet is very material. 3d. By reversing the order for a new trial, great injustice will, (certainly *may*,) be done the respondents; whereas by affirming it, the appellants can obtain justice on the new trial. 4th. This action is not for such a *tort* as comes within the principle of the cases in which vindictive damages are allowed. It is not every technical *tort* that will admit of vindictive damages; otherwise they might be given in every ordinary action of *trover*. The repeated assertions so forcibly made by the appellants' counsel, "that the defendants had no *right* to take possession," &c., are superfluous. They certainly did *wrong*, or *no verdict* could be given against them. 5th. But the Court may grant a new trial, for excessive damages in an action for any species of *tort*, however aggravated. See McConnell *v.* Hampton, 12 Johns. 234;—a strong case, in which a new trial was granted for excessive damages, in an action for false imprisonment, &c., though the defendant had threatened to convict and hang the plaintiff. The Court before whom the trial took place, was alone competent to judge whether the damages were excessive, betraying prejudice, &c.; especially in connection with the misconduct of the juror. 6th. But if the application were now made to this Court for a new trial, or even for the reversal of an order refusing a new trial, the verdict is so glaringly excessive, that even this Court could not refuse a new trial. 7th. By the statute, the Court may, in its discretion, grant a new trial for other causes than those enumerated; even without motion. 8th. The motion for a new trial was recorded, as the record shows. And if not, it would be a mere clerical omission.

Justice ANDERSON delivered the opinion of the Court. The appellants obtained a verdict in the Court below, for the sum of $4562.66 and costs. The judgment was ordered by the Court to be entered for that sum, with interest at the rate of ten per cent. per annum from the date thereof. A new trial was moved by the respondents, and ordered by the Court. The plaintiffs objected to the motion being heard, on the ground that the motion was not entered of record, and was not within time. From the

decision of the Court they appealed.   It is not necessary to state the case at length; nor is there anything in the record of which the appellants are entitled to avail themselves, as to the notice for new trial.   No new principle, nor one of any difficulty whatever, is involved in the case.   The only question for the consideration of this Court is, as to the discretion exercised by the Court below in granting a new trial.   The power to grant new trials, is one exclusively of discretion;—a legal discretion.   The abuse of it, only would justify this Court in interfering.   The question of the measure of damages, does not now come in here.   The Court below have exercised their discretion; and this Court ought not to control it, in the absence of any perception that it has been abused.   The adoption of any different doctrine, would lead to endless confusion, as well as traverse all established rules of law.

The judgment of the Court is, that the order for the new trial in the Court below, be affirmed.