## COMMONWEALTH *vs.* JOHN MOONEY.

At the trial of an indictment, the defendant cannot introduce evidence of opinions expressed as to his innocence by a witness who has testified to circumstances tending to connect him with the crime.

INDICTMENT for setting fire to the dwelling-house of Edward A. Allen, at Huntington, in the night-time of January 19, 1872. Trial in the Superior Court, before *Dewey*, J., who, after a verdict of guilty, allowed the following bill of exceptions :

" The Commonwealth introduced evidence to show that the fire was set by placing a box, filled with combustibles, against the door of the house, and firing the box; and that the fire was extinguished, but not till the box had become so far charred and destroyed that only parts of it were left. These parts were produced, and the Commonwealth offered a variety of evidence tending to show that the box came from the defendant's saloon, and, with its contents, was prepared by him. The evidence to connect him with the fire was wholly circumstantial.

" Allen was called as a witness by the Commonwealth, and testified that he was a constable; that on January 18 he made a search for intoxicating liquors in the defendant's saloon, and saw a box there which was of the same size and had on it the same

marks as the box placed against his door; that when found after the fire it had holes bored through its sides, which corresponded in size with auger bits which were found on the defendant's desk after the fire ; that after the fire, he and another constable searched the defendant's premises and found a hammer which had a nick or small piece clipped from one side of the face of the hammer head ; that there was an impression made by a hammer near a nail head on the box, the appearance of which corresponded with the nick in this hammer ; that on the day after the fire this impression was much more distinct than at the trial; that the morning after the fire he with others searched near the premises of the defendant, and found traces of kerosene oil extending from a platform in front of the defendant's saloon some distance into the street in the direction of the fire ; that this platform was some fifteen feet wide between the saloon and the street; that on the edge towards the street he thought there was a trace of kerosene oil, some six inches square ; that early in the day after the fire he telegraphed to a constable at Northampton to come and help look up the case ; that this constable came ; and that two or three days after the defendant had his examination before a magistrate. No other witness testified to seeing any oil on the platform.

" At the trial, Allen could not point out the part of the impression which corresponded with the nick, and other witnesses on cross-examination said they could not then discern this peculiarity in the impression ; and it was contended by the defendant that it was utterly impossible. The identity of the box found at Allen's door with that which was in the saloon on the day before the fire was denied and contested throughout the trial, and also that there was any visible correspondence between the face of the hammer head and the impression on the box. And it was contended by the defendant that it appeared by Allen's cross-examination that his testimony on the points tending to identify the charred box with that in the prisoner's saloon was much stronger on the trial than at the examination before the magistrate, and that at that examination he said nothing about discovering kerosene oil on the platform.

" The testimony of Allen is stated, though not fully, for the purpose of showing the importance and nature of his testimony.

" The defendant called a witness, and asked him, for the purpose of affecting the credit due to Allen as a witness, whether he had had any conversation with Allen in which he stated his belief and his grounds of belief that the defendant did not set the fire. The district attorney objecting to the question, the judge ruled that the witness might testify as to any conversation and statements by Allen to the witness as to the defendant, excepting as to his opinion as to his guilt or innocence. The witness then answered that all that Allen said was what he thought of the defendant's guilt or innocence. To this exclusion of evidence the defendant alleged exceptions."

*C. Delano*, (*J. C. Hammond* with him,) for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

BY THE COURT. The witness Allen having testified to certain facts tending to prove the guilt of the defendant, it was not competent for the defendant to show what opinion the witness may have had or expressed upon the merits of the case. The fact that he had an opinion that the defendant was innocent would not tend to contradict or impeach him. At most, it only shows the weight he gave to the facts testified to by him as tending to prove the defendant's guilt, which is for the jury exclusively, and upon which the opinion of witnesses is not competent.

*Exceptions overruled.*