## COMMONWEALTH vs. MONTRAVILLE ACKERT.

Hampden. Sept. 26. — Oct. 19, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

At the trial of a criminal case, an accomplice, who was a witness for the government, testified to the guilt of himself and of the defendant; and, on cross-examination, also testified that he made a confession of his guilt to the officer who arrested him; that such confession was induced by promises, on the part of the officer, of protection and favor; and that the confession was true. *Held*, that the government might show, by the testimony of the officer, that the confession was voluntary.

INDICTMENT for inciting one Elvira Makely to burn the defendant's dwelling-house in Brimfield, with intent to injure and defraud an insurance company. Makely was indicted for the same burning, and was also jointly indicted with the defendant for burning the said dwelling-house, with intent to injure and defraud an insurance company.

At the trial in the Superior Court, before *Rockwell*, J., Makely was introduced by the government as a witness, and testified in substance that she burned said dwelling-house, knowing it to be insured at the time alleged, having been incited and persuaded so to do by the defendant, to injure and defraud the insurance company; that the defendant, for more than a year, " had been at work upon her " to induce her to do the act; that, on the night of the burning, the defendant had arranged to be and was away; and that she set the fire in the manner directed by him before he went away.

Upon cross-examination, she testified that, at the time of her arrest, she made a true confession of what she had done to one Jason A. Palmer, a deputy sheriff, who had her in custody, and before her examination in the District Court; that she was induced to make such confession by reason of promises of protection and favor given by the officer to her, and because of representations made by him that " it would be better for her to put the whole thing upon Ackert, and then she would get clear; " that, among other things, the officer promised her that, if she would confess, he would be her bail; that, at the time she made the confession, she was agitated and frightened, and did not

know what to do, and had no counsel or opportunity to procure counsel; that the confession made to Palmer was in all respects true, and was just what she had testified to in this case; and that she had only made up her mind to make her present confession about an hour before she was called to the stand. It also appeared, on cross-examination, that Makely had been convicted of burning said house, she not testifying; but said verdict was set aside, and a new trial granted. See 131 Mass. 421.

The government, after Makely had been cross-examined, called the officer as a witness, who testified that the confession made at the time of the arrest was not made to him by reason of any representations or promises of favor or protection, or of his promise to go bail for her; that he made her no such promises; but that the confession was a voluntary one. The defendant objected to this testimony; but the judge admitted it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. The witness, a *particeps criminis* in respect to the burning, having been examined as a witness on the part of the Commonwealth, and having testified to the guilt of herself and of the defendant, was asked on cross-examination as to a previous confession by her of such guilt, and stated that she had made such confession to an officer, and that she was induced to do so by promises on his part of protection and favor. She also still maintained that her confession, though procured by such promises, was true. The argument, however, would be open to the defendant, that her confession, if so procured, was not true; that she had been induced by the promises to commit herself to a confession which was false; and that, if her confession was false, her present testimony to the guilt of the defendant was also false. The connection between her confession and her present testimony was such, that this argument would be a fair one for the consideration of the jury. Selling a confession would be a legitimate ground for distrusting its truth. She declared virtually that her confession was sold. It thus became material to know if she was in fact induced to make the confession by

promises. If she was, the weight of her present testimony to the defendant's guilt was impaired. If she was not, and if her confession was voluntary, her testimony to his guilt was strengthened. The defendant introduced this issue, seeking to obtain the legitimate advantage of the implied impeachment of the witness. It was proper to allow the government to meet the issue, by showing that the confession was voluntary. It is always competent, and often important, to ascertain the motive or bias under which a witness testifies. Everything which goes to affect his credit, as to the particular facts to which he is called to testify, is material and admissible. *Commonwealth* v. *Hunt*, 4 Gray, 421. *Day* v. *Stickney*, 14 Allen, 255. The testimony of the witness, that her original confession was made under a strong motive or bias, being material, it was competent for the goverment to contradict it. Pub. Sts. *c.* 169, § 22.

*Exceptions overruled.*