LENA ISRAEL *vs.* ROSA BAKER.
SAME *vs.* JACOB BAKER.

Suffolk. November 11, 1897. — November 24, 1897.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Evidence to affect Credibility of Witness — Appeal Bond — Surety.*

In a trial in an appellate court, it is incompetent to prove to the jury which party prevailed in the court below; hence an appeal bond given by the plaintiff, which would necessarily disclose the fact that the defendant prevailed in the Municipal Court, is rightly excluded, as also the offer to show that a witness for the plaintiff, to affect his credibility, was a surety upon the bond.

TWO ACTIONS OF TORT, for slander, originally brought in the Municipal Court of Boston. At the trial in the Superior Court, before *Blodgett*, J., the plaintiff called her husband as a witness,

who was surety on the appeal bonds given by the plaintiff; and the defendants, for the purpose of affecting his credibility, sought to show this, and offered the bonds in evidence, but the judge excluded them, and the defendants excepted.

The jury returned a verdict for the plaintiff in each case; and the defendants alleged exceptions.

*T. Riley,* for the defendants, submitted the case on a brief.

*T. J. Gargan & A. S. Cohen,* for the plaintiff.

BARKER, J. The pecuniary interest of a witness in the result of the litigation may of course be shown as affecting his credibility, and the plaintiff's appeal bond, upon which the witness was surety, was relevant to the question of his interest in the result of the litigation in the present case. But in a trial in an appellate court, it is incompetent to prove to the jury which party prevailed in the court below, and all documents which necessarily disclose that fact are excluded from the jury. For this reason the appeal bond, which would necessarily disclose the fact that the defendant prevailed in the Municipal Court, was rightly held incompetent, and excluded, as also the offer to show that the witness was surety upon such a bond, which would necessarily disclose to the jury the same information. There was no lack of other ways in which the fact that the witness was interested in the result of the litigation, and the extent of his interest, could be shown. If counsel had asked the witness whether he was not responsible for the costs of the suit if the plaintiff failed to recover, the question would, no doubt, have been allowed. The presiding justice could properly exclude the evidence actually offered, as intended to show a fact which it was improper for the jury to consider, and which would necessarily be disclosed to them by admitting the evidence, while the bias could be shown in some other way open to no objection.

Upon collateral issues much is left to the discretion of the presiding justice.

*Exceptions overruled.*