*Award accepted.*

LUTHER P. WHIPPLE *vs.* JOHN W. RICH & another.

Suffolk.    December 4, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Evidence*, Admissible for one purpose only, Of value of time, Opinion.  *Witness*, Contradiction.  *Practice, Civil*, Amendment after verdict, New trial.

Evidence admissible for one purpose, if offered in good faith for that purpose, is not made inadmissible by the fact that it could not be used for another with regard to which it has a tendency to influence the mind.

In an action against the owner of a dray and a street railway company for injuries from being struck by the dray of the first defendant which was thrown against the plaintiff by a collision with an electric car of the defendant railway company, a witness described the accident and testified that there was nothing to obstruct the view of either the driver of the dray or the motorman of the car. On cross-examination, the first defendant was allowed to ask the witness whether the witness had not said that the driver was not to blame, and was answered that he had. This was admitted solely for the purpose of contradicting the witness's testimony in chief and the jury were instructed that it was no evidence that the driver was not to blame. *Held*, on an exception taken by the defendant railway company, that, without considering whether the railway company was

entitled to take it, the exception could not be sustained, the question and answer being admissible for the purpose and in the manner in which they were admitted. The statement of the witness, although a general conclusion, tended to contradict his testimony as to particular facts which indicated a contrary conclusion.

A plaintiff suing for damages for personal injuries, who has no salary, regular employment or definite business status, but makes his living in promoting various schemes and in other ways, cannot be asked to testify "what was the fair and reasonable value" of his time during the first year after he was injured. He can state the nature and extent of his business and his actual earnings.

A trial judge in his discretion may allow a plaintiff, after a verdict in his favor, to amend his declaration so as to cover the damages awarded, if before insufficiently alleged.

Where, after a verdict for the plaintiff, an exception of the defendant was sustained on account of the wrongful admission of a question relating only to the amount of damages, the court ordered that the new trial should be on the question of damages only.

TORT for injuries from being struck by the open tailboard of a heavy wagon or dray of the defendant Rich, thrown against the plaintiff by a collision with an electric car of the defendant railway company. Writ dated May 23, 1898.

At the trial in the Superior Court, before *Sheldon,* J., the jury returned a verdict for the defendant Rich, and a verdict against the defendant railway company in the sum of $9,416.66; and the defendant railway company alleged exceptions.

*W. B. Farr,* (*M. F. Dickinson* with him,) for the railway company.

*S. L. Whipple,* for the plaintiff.

HOLMES, C. J. This is an action of tort, for personal injuries caused by being struck and thrown down by the end of a dray owned by the defendant Rich, in consequence of a collision between the dray and a car of the defendant railway company. The plaintiff alleged the negligence of both defendants. The trial resulted in a verdict against the railway company, and the case is here on the company's exceptions.

1. A witness described the accident, and testified that there was nothing to obstruct the view of either the driver of the dray or the motorman of the car. On cross-examination the defendant Rich was allowed to ask whether the witness had not said that the driver was not to blame, and was answered that he had. It was carefully explained to the jury that this answer was no evidence that Rich was not to blame, but was admitted solely so

far as it tended to contradict the witness's testimony in chief. We shall not consider whether the railway company was entitled to take this exception or not, *Warren* v. *Boston & Maine Railroad*, 163 Mass. 484, because we are of opinion that it cannot be sustained. No doubt caution should be used in letting in general conclusions to contradict testimony to particular facts. *Commonwealth* v. *Mooney*, 110 Mass. 99. But evidence admissible for one purpose, if offered for that purpose in good faith, is not made inadmissible by the fact that it could not be used for another with regard to which it has a tendency to influence the mind. Compare *Weston* v. *Barnicoat*, 175 Mass. 454, 456 ; *Israel* v. *Baker*, 170 Mass. 12. The question is whether the specific facts testified to lead so directly to a conclusion that it is obviously unlikely that a man will believe a contrary conclusion if he believes the specific facts. Different minds will differ more or less in drawing the line, and it may be that we should have felt some hesitation with regard to the decision in *Commonwealth* v. *Mooney*. But in our opinion the question in this case fell on the right side of the line, although pretty near it. *Hogan* v. *Roche*, 179 Mass. 510. See *Handy* v. *Canning*, 166 Mass. 107, 109 ; *Commonwealth* v. *Wood*, 111 Mass. 408, 410.

2. The plaintiff was allowed to testify to the " fair and reasonable value of [his] time " during the first year after he was injured. The exception to this evidence must be sustained. No doubt the value of the plaintiff's time while he is kept from working is a proper element to be considered in fixing the damages to be recovered. *Braithwaite* v. *Hall*, 168 Mass. 38. No doubt if from the nature of the plaintiff's employment his time can be said to have a market value, he may testify to that. *Harmon* v. *Old Colony Railroad*, 168 Mass. 377. But in a case like the present, where the plaintiff seems to have had no salary, regular employment or definite status, but to have made his living by raising money for a commission in various schemes, and by odd jobs of one sort or another, to allow him to answer a question in so vague and general a form was practically to invite him to assess his own damages. He might state the nature and extent of his business and his actual earnings. *Murdock* v. *New York & Boston Despatch Co.* 167 Mass. 549. See *Goodhart* v. *Pennsylvania Railroad*, 177 Penn. St. 1, 15, 16 ; *Masterton* v.

*Mount Vernon,* 58 N. Y. 391. But the moment he went beyond that plain matter of fact, his answer was as likely to signify what he thought he ought to earn as it was to be only a paraphrase for his average earnings or for what he had earned the year before. *Central Railroad* v. *Senn,* 73 Ga. 705, 709. *Hastings* v. *Steamer Uncle Sam,* 10 Cal. 341. *Boston & Albany Railroad* v. *O'Reilly,* 158 U. S. 334, 336. *Lincoln* v. *Saratoga & Schenectady Railroad,* 23 Wend. 425, 434. *Goodhart* v. *Pennsylvania Railroad,* 177 Penn. St. 1, 16. *Ballou* v. *Farnum,* 11 Allen, 73.

3. In view of our decision we need not consider whether any special allegation was necessary to recover this kind of damage if properly proved, *Baldwin* v. *Western Railroad,* 4 Gray, 333, Watson, Damages for Personal Injuries, § 492, or whether an exception could be sustained on this ground if it was not mentioned at the time when the exception was taken. *Boston & Albany Railroad* v. *O'Reilly,* 158 U. S. 334. It also is unnecessary to decide whether there was any objection to allowing an amendment to the plaintiff's declaration so as to cover the damages in question and save the verdict if possible. We see none, as presumably the judge who allowed it was satisfied that the defendant had not been taken by surprise, and we have no means of revising his decision.

The new trial will be on the question of damages only. *De Forge* v. *New York, New Haven, & Hartford Railroad,* 178 Mass. 59, 64.

*Exceptions sustained.*