Samuel H. Hudson vs. William H. Baker.

Suffolk. January 13, 1904. — February 25, 1904.

Present: Knowlton, C. J., Lathrop, Barker, Hammond, & Braley, JJ.

*Evidence*, Admissions. *Joint Tortfeasors. Equity Jurisdiction. Receiver.*

One who gives a receipt in writing for money is not estopped to deny that he received the amount named, but, if he does not contradict the terms of the receipt by competent evidence, he will be held to account for the money.

In an action by the receiver of the property of a fraternal beneficiary corporation for money alleged to have been received by the defendant as treasurer of the corporation and not accounted for by him, it became material to determine whether certain checks drawn by the secretary of the corporation to the order of the defendant should be charged to the defendant in addition to the amounts appearing in the receipts signed by the defendant. The counsel for the plaintiff admitted that the defendant was not liable for a part of the amount covered by the checks, on the express ground that the defendant could not be charged twice for the same debt. An auditor found that the amount of the checks was received by the defendant in addition to the amount shown by the receipts. *Held,* that in view of this finding, the plaintiff's claim was not diminished by the admission of his counsel.

In an action by the receiver of the property of a fraternal beneficiary corporation for money alleged to have been received by the defendant as treasurer of the corporation and not accounted for by him, it appeared, that the secretary of the corporation held the receipt of the defendant for a certain sum of money with which the defendant had charged himself by mistake, as this money had not been paid by the secretary to the defendant although it was the defendant's duty to have collected it from him. It further appeared that the money in question had been paid by the secretary to the plaintiff as part of a suspense fund representing money of the corporation wrongfully appropriated by the secretary, and that under the by-laws of the corporation the secretary was primarily liable to account for the money in question, but that the plaintiff had received it with the understanding that if the defendant was liable for this sum the secretary should not be made to pay it. *Held,* that the fact that the secretary also was liable for the money did not relieve the defendant from his liability in this action at law, it having been the defendant's duty to collect and account for the money. *Semble,* however, that the plaintiff as receiver holding this money as an officer of the court, the defendant might file a petition in the suit in equity in which the receiver was appointed, for an adjustment of the equities of the parties as to this portion of the fund.

CONTRACT by the receiver of the property of the Northern Mutual Relief Association, a fraternal beneficiary corporation, for money alleged to have been received by the defendant as treasurer of that corporation and not to have been accounted for. Writ dated October 2, 1901.

In the Superior Court the case came on to be heard before *Harris*, J. upon a report made by him as auditor before he was appointed a justice of that court. Both as auditor and as judge he found for the plaintiff in the sum of $2,710.74, and ruled that the sum of $900 mentioned in the opinion should be charged to the defendant. The judge reported the case for determination by this court upon the points of law stated in the opinion.

*E. Lowe*, for the defendant.

*G. W. Anderson*, for the plaintiff.

BRALEY, J. In the usual course of business, the secretary of the association, which was a fraternal assessment insurance company, received from time to time all money due from " subordinate associations," and from assessments levied upon " members at large." It then became his duty to make payments to the treasurer at the end of each week of the sums thus received. Whenever these payments were made, the treasurer gave him a receipt for the amount paid, and in stating the account the defendant has been charged with the face value of the several vouchers, but he contended as a matter of fact that a less amount in some instances had been paid to him than was shown by the entries on his books of receipts and expenditures.

The auditor however ruled, and it was affirmed by the court, that the defendant was bound by the receipts given, and must be charged with the amounts shown by them.

Nothing is stated by way of explanation showing why this ruling was made, and its application to the evidence before him, but the ruling alone is given.

If the defendant took the position that his books of account, wherein he debited himself with the payments received from the secretary, were to be taken as conclusive evidence in his favor, the ruling was right. By signing and delivering the receipts he acknowledged what they recited, and having signed them, in the absence of fraud or mistake, he was bound to this extent by his voluntary act, and the entries made by him must be treated as declarations in his favor, and can stand no better as evidence than declarations ordinarily made by a party in his own behalf.

But if it was intended to hold that the receipts were equivalent to an estoppel, and it was not open to the defendant to show

by way of explanation that he had not received the various sums stated, it was wrong. For it is familiar law that a receipt is always open to explanation or contradiction by oral testimony. *Stackpole* v. *Arnold*, 11 Mass. 27, 32.

With more or less of doubt we are of opinion, taking the entire report as a guide, that the ruling must have been limited to the first ground, and did not preclude the defendant from explaining or contradicting the receipts, and it must have been so understood by the parties.

The next ruling reported relates to the effect of certain admissions made by counsel for the plaintiff at the trial.

It became important to determine whether certain checks drawn by the secretary to the order of the defendant, and amounting to $2,014.86, should be charged to him in addition to the amounts appearing in the receipts.

When this question was raised, counsel for the plaintiff admitted, that only the sum of $808.62 should be added, as the difference of $1,206.24 between the two was covered by the receipts, and the defendant claims, that this admission was binding on the auditor, and it was error on his part to subsequently state the account, charging the defendant in addition with the face value of all of the checks.

It should be observed, in reply to the position taken by him, that in the plaintiff's motion to recommit, which was granted, he asks among other requests that the auditor may specifically find and report " whether or not said sum is not accounted for in the debits upon the defendant's book prior to the first day of December, 1900."

In his report the auditor finds " the defendant is to account for all funds of the association with which he charges himself, or which he is proved to have received, whether he has charged himself with them or not", and reports, that the amount of the checks was received in addition to the other sums stated.

The admission was made on the express ground, that the defendant should not be charged twice for the same debt, and it must have been so understood at the time by him, but under the subsequent finding in the supplemental report that this has not been done, the objection ceases to have any force or effect.

During the trial it appeared that the secretary held the re-

ceipt of the treasurer for $900, with which the latter had charged himself through a mistake of fact in supposing that the money had been actually paid to him.

By an arrangement between them this amount was included, as the defendant claimed, in a suspense fund, made up of money paid to the plaintiff by the secretary, and which represented property of the association wrongfully appropriated by him, and it may be inferred, though not fully stated in the report, that it was understood, if the defendant was held liable for this sum, the secretary should not be called upon to make reimbursement.

But the defendant asks to be credited with this portion of the fund.

While it is clear under the by-laws of the association that the secretary is primarily responsible, the defendant is held liable also to account for it, under a finding made by the auditor, and which is supported by the evidence before him, that after the secretary had made known to the treasurer the amount of collections on hand, it became his duty to pay them to the defendant, who became bound under the duties of his office to receive and account for them; and if he allowed the secretary to retain any portion of the money, without giving him a sufficient warrant, and while so retained it was misappropriated, the defendant would nevertheless be liable, and the misconduct of the secretary would not constitute a defence.

As between the parties, the plaintiff has the right to pursue them both to the extent of obtaining judgment against each, but he can have but one satisfaction of his debt, and the ruling, that the defendant could not avail himself of this defence, was made rightly, for a court of common law could not compel the plaintiff to apply money conditionally received from one joint debtor, but not actually appropriated, in favor of the other, who was equally liable for the debt. *Vanuxem* v. *Burr*, 151 Mass. 386, 389. *Burnham* v. *Windram*, 164 Mass. 313.

The fund, however, is held by the receiver as an officer of the court which appointed him and is in its possession and control, and justice requires, that in some form of procedure the equities arising from the situation of the parties interested should be adjusted.

It will be open to the defendant, if it becomes necessary, to

bring the matter to the attention of the court, by a petition in the suit in equity in which the receiver was appointed.

*Judgment affirmed.*