COMMISSIONER OF BANKS *vs.* SAMUEL ABRAMSON.

Suffolk.. March 22, 1923. — May 25, 1923.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust Company*, In liquidation. *Bills and Notes. Evidence*, Competency.
*Practice, Civil*, Requests, rulings and instructions. *Witness.*

At the trial of an action by the commissioner of banks in possession of the
property and business of a trust company to recover a balance alleged to
be due upon a note indorsed by the defendant, where an issue was, whether
an application toward payment of the note of a balance standing to the
maker's credit with the trust company, made at the maker's request by
an employee of the commissioner's office before a liquidating agent was
appointed, was made absolutely or conditionally upon its being approved
by the commissioner or his representative, and the defendant had testified
that the application was absolute and not conditional, it was proper to
admit in evidence an adjudication of the maker as a bankrupt nine months
after such application was made, such evidence tending to show a pecuniary
interest in the defendant and to affect his credibility as a witness.

At the trial above described, it was proper for the judge in the exercise of his
discretion to exclude evidence tending to show that applications of deposits
in the trust company toward payment of notes of other depositors had
been made after the commissioner had taken possession, and that, as to
them, no statements were made that the applications were made
conditionally.

At the trial above described, where the defence set up was of payment and it
appeared that the trust company held other notes of the maker of the note
in suit, which were due before it, it was *held* to have been proper to refuse
a request of the defendant for a ruling that the plaintiff as commissioner of
banks in possession of the trust company acquired no greater legal rights
than the trust company had against the defendant as indorser, and also
a request for a ruling that the maker of the note was entitled to have the
balance due upon his deposit with the trust company set off against his note
indorsed by the defendant when it became due and that the plaintiff was
not entitled to hold the deposit to apply upon notes to become due in the
future.

At the trial above described, the following instruction by the judge, relating
to a receipt given by the employee of the bank commissioner, was *held* to
have contained no error: " At the request of the plaintiff I instruct you
that there is nothing sacred about a receipt and it is open to explanation
or contradiction by oral testimony. That is true. You are to take all
the evidence in the case into account that has bearing on this question,
and the burden of proving payment is upon this defendant as I have already
so instructed you."

CONTRACT, by the commissioner of banks in possession of the property and business of Tremont Trust Company, for a balance alleged to be due upon a note payable to Tremont Trust Company in the sum of $5,000 made by Meyer Abramson on January 26, 1921, and indorsed by the defendant. Writ dated February 16, 1922.

The action was tried before *Qua*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for and the judge refused to give the following rulings:

" 2. Upon all the evidence the plaintiff is only entitled to recover $1,451.50."

" 6. The plaintiff as commissioner of banks in possession of the Tremont Trust Company, acquired no greater legal rights than the Tremont Trust Company had against the defendant as indorser upon the note of Meyer Abramson."

" 8. Meyer Abramson was entitled to have the balance due upon his deposit in the Tremont Trust Company set off against his note indorsed by the defendant when it became due and the plaintiff was not entitled to hold the deposit to apply upon notes to become due in the future."

That portion of the charge to the jury, excepted to by the defendant and referred to in the opinion, was as follows:

" Now, on whom is the burden of proof? Well, when a man makes a note and admits having made it or admits having indorsed it, as the defendant does in this case, as he admits having made it, and he admits having indorsed it, and the note is put in suit by the holder of it, the plaintiff who presents that note is entitled to a verdict unless the defendant maintains the defence which he here makes, which is that there has been a payment in part on this note. In other words, this question which I am asking you comes up on the defendant's contention that he paid this part of the note. He claims this application was a payment. The burden is therefore on the defendant to establish by a fair preponderance of the evidence that there was an absolute final and not conditional application of his deposit to the notes.

" At the request of the plaintiff I instruct you that there

is nothing sacred about a receipt and it is open to explanation or contradiction by oral testimony. That is true. You are to take all the evidence in the case into account that has bearing on this question, and the burden of proving payment is upon the defendant, as I have already so instructed you."

The jury, having answered the special question submitted to them as described in the opinion, by order of the judge found for the plaintiff in the sum of $5,225.25; and the defendant alleged exceptions.

*D. B. Keniston & P. D. Howard,* for the defendant, submitted a brief.

*J. B. Jacobs,* for the plaintiff.

DeCourcy, J.    When the commissioner of banks took possession under the liquidation statute on February 17, 1921, the Tremont Trust Company held eleven notes made by Meyer Abramson; ten for $600 each and one for $439.84, dated January 26, 1921, and payable one each succeeding two months.    The bank held also a note of Meyer Abramson of the same date for $5,000, payable in four months, and indorsed by his brother Samuel Abramson, the defendant. On March 28, 1921, the balance in the deposit account of said Meyer was $3,448.42.    At his request this sum was credited on the $5,000 note by Earl C. Fowler, an employee of the bank commissioner's office, no liquidating agent having been yet appointed.    It was found by the jury in answer to a special question submitted to them by the trial judge that when this deposit balance was credited on the note, the defendant (who accompanied his brother) was informed "that the application of the deposit was not absolute and final, but was subject to the approval of the bank commissioner or his representative."    There was evidence also that this information was given in accordance with the instructions imparted to all his employees by one Otis, who was assistant director of the trust company division of the bank commissioner's office and was in charge of the bank. On learning of the credit made on the note, Otis crossed out the indorsement of $3,448.42 and returned to Meyer Abramson his check.    He also informed the defendant that he felt

he should protect the depositors by holding said deposit against the unindorsed notes.

1. We cannot say there was error in admitting evidence that Meyer Abramson was adjudicated a bankrupt December 22, 1921. It tended to show a pecuniary interest on the part of the defendant, who as indorser would have no recourse in fact against a bankrupt maker: and to that extent it affected his credibility as a witness. He testified, among other things, that Fowler did not tell him that the credit on the note was being made conditionally, subject to the approval of the commissioner of banks or his liquidating agent, later to be appointed. See *Israel* v. *Baker*, 170 Mass. 12.

2. There was an offer to show that a similar application of deposits was made on notes of two other depositors, without any declaration by Fowler that the application was in any way conditional. The evidence had no connection with this transaction, and the presiding judge may well have thought it would involve the trial of collateral issues. Its exclusion was not erroneous.

3. The requested instructions numbered 2, 6 and 8 were denied rightly. The second was disposed of by the finding of the jury that the credit of $3,448.42 was accepted only conditionally. The sixth and eighth raised questions not open to this defendant. Meyer Abramson, the maker of the note, in an action against him, might perhaps question the right of the commissioner, who was liquidating the business of the trust company, to apply his deposit to his unsecured notes; thus preserving for creditors the benefit of the security on the indorsed note; see, however, *Prudential Realty Co.* v. *Commissioner of Banks in re Prudential Trust Co.* 241 Mass. 277. But this defendant had no title or interest in the deposit, and could not insist on setting it off against the note. *Bachrach* v. *Commissioner of Banks,* 239 Mass. 272. He admitted his signature as indorser. The only defence set up in his answer was that of payment. The burden was on him to prove such payment, in whole or in part: and he failed to do so.

Finally, the charge of the trial judge as to the effect of the receipt was correct; although it was rendered practically

immaterial when the jury answered the special question as they did.  *Hudson* v. *Baker*, 185 Mass. 122, 124.  *Demelman* v. *Brazier*, 198 Mass. 458, 465.

*Exceptions overruled.*