MARGARET B. CAIN *vs.* LOUIS FERRY.

Suffolk. January 21, 1924. — January 22, 1924.

Present: RUGG, C.J., DeCOURCY, CROSBY, PIERCE, & CARROLL, J.J.

*Practice, Civil,* Requests for rulings, Finding by judge.

Where a report, by a judge of a municipal court, at the request of the defendant, of a finding for the plaintiff in an action of contract for wages as a cook, sets forth testimony of the plaintiff that she had been employed by the defendant as cook in a hotel, that the defendant had sold his interest in the hotel to a certain person, by whom she afterwards was employed, and that there never had been any conversation between the defendant and her or between the purchaser from the defendant and her with regard to an assumption by such purchaser of the debt owed to the plaintiff by the defendant at the time of his sale, a finding for the plaintiff, made in the face of a contention by the

defendant that there had been a novation relieving the defendant from
. responsibility for the debt, must be affirmed on an appeal by the defendant
from an order of the Appellate Division dismissing the report.

CONTRACT for $125, alleged to be due the plaintiff for
wages. Writ in the Municipal Court of the City of Boston
dated March 10, 1923.

At the trial in the Municipal Court, the plaintiff " testified
that she was employed as a cook by the defendant at the
Hotel Coolidge, Brookline, Massachusetts, for about two
or three months prior to February, 1919, at a weekly salary
of $25; that sometime in February, 1919, the defendant sold
his interest in said hotel to one Horton; that at the time of
said sale the defendant owed her the sum of $125, for wages,
for which she has never been paid; that after the sale she
continued to work for Horton as cook, and that the latter
paid her $40 weekly; that in all she received from Horton
a little less than $1,000; that she did not remember how said
sum was made up or what periods it covered; that there was
never any conversation between the defendant and her, or
between Horton and her, in regard to Horton assuming the
debt for the $125 wages due her from the defendant."

At the close of the evidence, the defendant made the
following requests for rulings:

" 1. That the defendant is entitled to a verdict.

" 2. That at plaintiff's request the alleged debt was
assumed by Horton in substitution for defendant.

" 3. That alleged amount due from defendant to plaintiff
was paid to Horton by Ferry at plaintiff's request.

" 4. That upon an accounting together between the parties
it was agreed that there was no sum due the plaintiff."

The trial judge denied the requests and found for the
plaintiff in the sum of $125 and, at the request of the defend-
ant, reported the case to the Appellate Division, who ordered
the case dismissed. The defendant appealed.

The case was submitted on briefs.

*L. Ferry,* pro se.

· *E. M. Shanley,* for the plaintiff.

BY THE COURT. This is an action of contract to recover
wages alleged to be due to the plaintiff from the defendant.

The chief defence is that by novation another was substituted for the defendant as debtor to the plaintiff. According to the testimony of the plaintiff no facts existed to warrant a finding of novation. The defendant's several "requests for rulings" were requests for findings of facts. The general finding of the judge in favor of the plaintiff imported a belief of her testimony and required a refusal to make the findings asked by the defendant.

*Order dismissing report affirmed.*