CraigСOMMONWEALTH *vs.* ANNIBAL MARCELLINO.

Plymouth.   May 12, 1930. — May 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Evidence,* Competency, Of bias.   *Witness,* Cross-examination, Credibility.

Personal bias or interest in the outcome of litigation may be shown to affect the credibility of a witness.

It was error, at the trial of an indictment charging assault with a dangerous weapon with intent to murder, to exclude a question, asked in cross-examination of the person alleged to have been assaulted, a witness called by the Commonwealth, "Is it not a fact that you have brought a civil suit for $5,000 against the defendant based on this assault, which is now pending?"

While much discretion is vested in the trial judge as to the extent of cross-examination of a witness, that discretion is subject to the limitation that whatever ruling results in the prejudice of a party is open to revision.

INDICTMENT, found and returned on February 7, 1930, charging that the defendant, "being armed with a dangerous weapon, to wit: a pistol, did assault and beat Daniel Lombard, with intent to murder him."

The indictment was tried in the Superior Court before *Gibbs,* J.   Material evidence and an exception saved by the defendant are stated in the opinion.   The defendant was

found guilty of an assault with a dangerous weapon, and alleged exceptions.

*D. W. Casey,* for the defendant.

*W. P. Kelley,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was tried upon an indictment alleging an assault upon Daniel Lombard with intent to murder. He was found guilty of an assault with a dangerous weapon. There was evidence tending to show that shortly after midnight on a January morning Lombard and another went to a summer estate where the defendant was employed as caretaker, and awakened him by knocking upon the kitchen door; that the defendant came to the door with a pistol in his hand, and in answer to Lombard's inquiry as to the reason for being armed said that he was all alone and had it for protection. The evidence was conflicting as to what occurred thereafter except that it appeared there was a quarrel, in the course of which Lombard received a wound.

Lombard testified as a witness called by the Commonwealth. On cross-examination he was asked, "Is it not a fact that you have brought a civil suit for $5,000 against the defendant based on this assault, which is now pending?" On objection this question was excluded. This was error. The question was designed to elicit information tending to show both bias and personal interest in the outcome of the indictment then on trial. It was of great importance to the witness that a verdict of guilty should be returned. Judgment against the defendant upon the indictment on trial would at the least have a strong tendency to prevent the defendant from testifying in his own behalf on the trial of the civil action brought by the witness against him or, if he testified, to impair the value of such testimony. In other respects it would be or might become a difficult obstacle in the defence of the civil case and an important advantage to the plaintiff in prosecuting it. It is familiar law that personal bias or interest in the outcome of litigation may be shown to affect the credibility of a witness. As was said by Wells, J. in *Day* v. *Stickney*, 14 Allen, 255

at page 258, "The credit of a witness, upon whose testimony in part the issue is to be determined, is not merely collateral, and cannot be immaterial. The weight of his testimony with the jury may depend entirely upon their supposition that he is under no influence to prevaricate. If he is prejudiced for or against one of the parties to the suit, or has a strong purpose or feeling of interest in relation to the matter in controversy, it is a circumstance which may materially affect his testimony; and his state of mind and feeling ought to be known to the jury." The principle is equally applicable to criminal as to civil cases. *Commonwealth* v. *Ackert*, 133 Mass. 402. *Commissioner of Banks* v. *Abramson*, 245 Mass. 321, 324. While much discretion is vested in the trial judge as to the extent of cross-examination of a witness, that discretion is subject to the limitation that whatever ruling results in the prejudice of a party is open to revision. *Jennings* v. *Rooney*, 183 Mass. 577, 579. *Commonwealth* v. *Russ*, 232 Mass. 58, 82. *Freeman* v. *Freeman*, 238 Mass. 150, 162. It cannot be said that the exclusion of this line of inquiry did not prejudice the defendant or was harmless error.

*Exceptions sustained.*