No. 170627 Municipal Suffolk, ss.

SHULTZ (Morris Shultz—Benjamin Korolick)
v. THE BOSTON CITY HOSPITAL
 (Robert Cutler—John H. Louden)

From the Municipal Court of Boston—Keniston, J.
Argued May 14, 1942—Opinion filed July 10, 1942

ZOTTOLI, J. (Gillen, J., and Barron, J.)—This is an action of contract or tort, in four counts, arising from the same cause. Counts one, three, and four are in contract. Count two is in tort alleging a conversion. The testimony warranted findings for the plaintiff or the defendant, depending on what portion of it the Court believed.

It is not necessary to recite all the testimony in the case. Suffice to point out that if the plaintiff's testimony were believed it would support findings that the plaintiff made a special arrangement with the defendant whereby he procured a private room in the defendant's hospital for a sick friend, paid seventy dollars for "two weeks payment in advance" and was told by the defendant's agent, who received the money, that, "in the event the patient stayed less than two weeks the surplus would be returned to him"; that the plaintiff . . . "agreed and paid the defendant . . . $70.00 and received a receipt . . . on the letter-head of the defendant . . . which . . . stated the name of the plaintiff; . . . the patient's name and number and acknowledged the receipt of $70.00," . . . "2 weeks at $35.00 per week for private room paid in advance"; . . . " that the patient stayed in the hospital for a period of eight days in the private room and that at the expiration of

[ 156 ]

this time" . . . the plaintiff . . . "requested the return of the $30.00" . . . "was promised by the defendant's executive officer that a check would be forwarded the plaintiff in the amount of $30.00, but that none of these promises were kept." On the other hand, there was also testimony by one Marion J. Mahoney, an employee of the defendant, in substance, to the effect that she "was employed by the defendant, that she kept the record of the bills, was familiar with the method of hiring special rooms and knew of this transaction. That the check for $70.00 was received late in the evening of August 4th when she was off duty and that it was given to her with the voucher the next morning and was credited to the account of the patient. That the patient was to go in a special room on August 4th, but did not go in until August 5th and stayed until August 13th, that 5 X-rays were taken for which there was a charge of $50. and that the entire bill against the patient left . . . a balance due the hospital of $23.13". . . . "That when a patient makes a deposit for a private room, they assume the charges while the patient is in the private room . . ., that when money is received as an advance payment, it is credited to the account, that she knew of no special arrange-ment with the plaintiff, that the plaintiff's name appears on the voucher, . . . to show who paid the money; that they never give receipts for a private room only but that it includes private room treatment which includes such extras as better diet, visitors, privileges, and better nursing service, and the X-rays would have been taken whether the patient was in a ward or a private room and the charge would have been the same." An inspection of the voucher or so-called receipt shows that in addition to words thereon, hereinafter referred to, are the words "X-ray" with a blank space following it, and "Other" also with a blank space following it.

At the close of the evidence the plaintiff duly filed the following requests for rulings:—1. There is sufficient evidence to warrant a finding for the plaintiff. 2. The receipt of money by the defendant from the plaintiff for advance payment for a private room only does not authorize the defendant to apply said funds to other charges against the patient. 3. The failure of the defendant to return the surplus of the plaintiff's money constitutes a failure of consideration entitling the plaintiff to recover the entire amount paid in by him. 4. The agreement as disclosed by the receipt is between the plaintiff and the defendant. 5. The application of the money to charges for other than the private room was unauthorized and not within the rights of the defendant.

The court granted the plaintiff's requests numbered 1 and 4, treated those numbered 2, 3 and 5 as follows:—"2. Inap-plicable. See findings. 3. Denied, see finding. 5. Denied, see finding" and found specially as follows: "I find the ad-vance payment made by the plaintiff to the defendant was not

[ 157 ]

limited to a private room only, but was to include all hospital charges for a private room patient." The court found generally for the defendant. The plaintiff's alleged grievance is to "the Court's ruling on request No. 2 and by the denial of requests numbered 3 and 5."

It may be useful to point out at the outset that we cannot accept the plaintiff's invitation in his argument and in his brief that his case be considered at large, or to consider whether the "decision of the Court is consistent with his granting plaintiff's requests numbered 1 and 4," or to consider "whether the decision of the Court is warranted on the evidence most favorable to the defendant"; because the report shows that no request raising such questions was filed with the trial judge.

It is well settled that alleged grievances, relating to questions of law not properly saved are not open for review under our appellate practice. *Baker* v. *Davis,* 299 Mass. 345, 348. *O'Kin* v. *Sullivan,* 307 Mass. 227, 228.

It is also well settled that after the findings in favor of the defendant were made, the evidence must be taken in its aspects most advantageous to it. The special and general findings for the defendant import the drawing of all supporting inferences of which the evidence most favorable to the defendant is susceptible. *Laroche* v. *Singsen,* 281 Mass. 369. *Mac-Donald* v. *Adamian,* 294 Mass. 187, 190.

Moreover, the findings in favor of the defendant imported a belief of the testimony offered in its behalf and justified a refusal to make findings inconsistent with them. *Cain* v. *Ferry,* 247 Mass. 472, 474.

With these principles in mind it is apparent from the Court's special finding the Court disbelieved the testimony of the plaintiff relating to the conversation he testified he had held with the defendant's employee at the time the private room was arranged for. This was within the province of the trial judge, for it is well settled the court was not bound to believe the plaintiff's story even though there had been no evidence to the contrary. *Topjian* v. *Boston Casing Co. Inc.,* 288 Mass. 167.

It is clear from an inspection of the evidence reported that the court's special and general finding can only be justified on the fact that the Court preferred to believe the arrangement entered into by him was the usual and customary one made with reference to private rooms, as stated by the defendant's witness Marion J. Mahoney.

It thus becomes obvious the requests denied became immaterial in view of the special finding and there was no error in their denial. *Mahoney* v. *Norcross,* 284 Mass. 153. *cf.* *Pemberton Square Operating Co.* v. *Lydon,* 292 Mass. 63, 66.

The requests denied are open to the additional objection that they assume findings the Court was not, on the whole

evidence, compelled to make and therefore were also properly denied. *Stein* v. *Almeder,* 253 Mass. 200, 205.

It may be useful to point out, in pasing, though the question is not properly before us for review, that the plaintiff's contention to the effect that "the defendant is bound by the language of the receipt," is not sound. It is well established in this Commonwealth that a receipt "is open to explanation or contradiction by oral testimony." *Hudson* v. *Baker,* 185 Mass. 122. *Commissioner of Banks* v. *Abramson,* 245 Mass. 321.

No error appearing, the order is—

*Report dismissed.*