*Southern District*

## PAUL F. COTTY
### v.
## DOROTHEA MEISTER

(June 23, 1958)

*Present*: Nash, P. J., Callan and Sgarzi, JJ.

Case tried to FEINBERG, SP. J., in the District Court of Plymouth. No. 24264.

*Callan, J.* In this action of contract the plaintiff seeks to recover the sum of $599.24, which amount includes interest, for work, labor and materials furnished to the defendant under an account annexed. The defend-

ant answered by way of a general denial and plea of payment.

*There was evidence to show that* in July 1955 the plaintiff entered into a written contract with the defendant to construct a house in Rockland for $15,250.00. The contract contained a clause that the "carport to be finished as extra room." The plaintiff contended that he had done the work with reference to the extra room that was not contemplated under the original contract and that at the time he entered into the agreement he did not understand "that the extra room" was to be used as a beauty parlor, that he did not understand that the extra room was to be closed off from the main house, that there was to be a front and rear door to the extra room as well as the installation of a lavatory therein and that he did not understand there was to be a picture window in front of the extra room.

*There was evidence that* after signing the agreement he was informed of these items by the defendant, and that these were not contemplated by him under the original contract and consequently were extras for which this action is brought. There was further evidence that the plaintiff understood the defendant wanted a house like the "model house she had looked at" which the plaintiff owned except that the carport was to be finished as an extra room. The fair market value of the model house was $11,800.00, with the open carport. No specifications appeared in the contract concerning the "extra room."

On cross examination the plaintiff denied that under the original contract price he understood that he was to do all the things he now claims as extras.

A witness was called by the defendant who testified that he had discussed with the plaintiff the proposed home that was to be built for the defendant. This witness was asked by the defendant, "Will you tell us what conversation you had with Mr. Cotty (the plaintiff) relative to what he was to build with respect to the beauty parlor." The plaintiff's attorney objected to this question and the same was excluded. The defendant's attorney then made an offer of proof stating that he expected the witness to answer, "I explained to Mr. Cotty that Mrs. Meister wanted the extra room closed off from the main house, with a separate front and rear entrance, a picture window in front, a lavatory and a rear exit from the main house, with a walk running from the house rear exit to the rear exit of the extra room, which was to be the beauty parlor and Mr. Cotty agreed to do the entire job within the contract price of $15,250.00."

To the exclusion of this question the defendant requested that his rights be saved and the ruling reported and claims to be aggrieved by this ruling. The judge made a specific finding of facts.

The purpose of this question was to impeach the credibility of the plaintiff.

The question put by the defendant's attorney to the witness was objectionable as

to form inasmuch as the "beauty parlor" had been stricken from the original contract. If the question had embodied conversation pertaining to the "extra room" it would have been admissible to show inconsistent statements made by the plaintiff. Where a party makes a statement at the trial relative to the issue, the opponent has the right to show either by cross examination of the party, or by the testimony of another witness that the party at some time prior to the trial made a statement inconsistent with his present testimony. *Robinson v. Old Colony RR,* 189 Mass. 594. The inconsistent statement may be very broad. *Whipple v. Rich,* 180 Mass. 477.

A prior inconsistent statement is of course hearsay if offered to prove the truth of the statement but it is not hearsay if offered solely to attack the credibility of the witness.

The judge in his findings found that the contract clearly eliminated the "beauty parlor", and accordingly the question concerning the "beauty parlor" was immaterial.

If the question were admissible for the sole purpose of affecting the credibility of the plaintiff, the defendant has not been prejudiced inasmuch as the judge in his findings stated, as his reason for excluding the question, "I felt too, that the court would not be helped by an attempt to attack the credibility of Mr. Cotty in view of the fact that I had questioned Mr. Cotty at length during the first hearing, and particularly in view of the fact that I had made some findings against

Mr. Cotty, based particularly on his own statements."

There is no error and the report should be dismissed. *So ordered.*

Harold J. Betzold, Jr., of Whitman, for the plaintiff.

Cortland A. Mathers, of Brockton, for the defendant.